No. 5035.

## W. J. S. JOHNSON *v.* J. C. DUNBAR, Administrator. J. C. DUNBAR *v.* W. J. S. JOHNSON—Consolidated.

To the demand of Dunbar individually against Johnson on a promissory note given for mules, which the former sold to the latter, the defense is the plea of eviction. Johnson acquiring the mules from Dunbar individually permitted them to be sold, without resistance, for a certain tax due by the succession of one Crouch, of which Dunbar was administrator, and repurchased the same at that sale. That this change of title in his hands amounted to an eviction constituting a valid defense to the payment of the note he gave Dunbar individually for the price of the mules, is hardly worthy of consideration.

Where in regard to a price of land belonging to the succession of Crouch, bought by Johnson at a sale by the revenue tax collector of the United States, it was contended that the administrator of said succession could not disregard Johnson's title and attack it collaterally by proceeding to sell the said land under order of the probate court;

Held—That the pretended sale consisted in a mere notarial conveyance, without an offering and an adjudication, made twenty-five miles from the place where the distraining was effected; that such a conveyance was an absolute nullity, and that the administrator of the succession was not bound to bring a direct action to have the nullity thereof pronounced.

The bill of exceptions to the ruling of the court *a qua*, admitting proof to show the fact that there was no adjudication of the property to Johnson by the tax collector, was not well taken. There was actually no sale, and the administrator was not bound to tender to Johnson the price of the pretended sale.

Besides, the next year after the acquisition of his pretended title, Johnson rented the land in controversy from the administrator of the succession—thereby, in effect, conceding his want of title and acknowledging that of his adversary.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn*, J. *R. J. Bowman*, for Johnson. *Manning*, for Dunbar and the succession of Crouch.

WYLY, J. J. C. Dunbar, administrator of the succession of Winder Crouch, advertised for sale, under an order of the parish court, all the lands belonging to said succession.

W. J. S. Johnson claiming to be the owner by purchase from the United States revenue tax collector of one hundred and forty-seven acres of said lands, injoined the sale thereof, alleging that he bought said land at public sale made to collect " the revenue tax due by the succession of Crouch to the United States, amounting to nineteen hundred dollars, sixteen hundred dollars of which was paid by him as purchase price of said land, and which inured to the benefit of said estate."

This is the first suit. The second suit is the demand of Dunbar individually against Johnson on a promissory note for seven hundred dollars for mules which he sold him. The defense to which is eviction, that the mules were sold also to him by the revenue tax collector for the tax due by the succession of Crouch. That Johnson acquiring the mules from Dunbar individually, permitted them to be sold, without resistance, for the tax due by the succession of Crouch and purchased the same, and that this change of title in his hands amounted to

an eviction constituting a valid defense to the note he gave Dunbar for the price of the mules, is a defense hardly worthy of the serious consideration of this court. Johnson could certainly have successfully resisted the sale of his property for debt of the succession. The defense is manifestly baseless.

In regard to the land, it is contended by Johnson that the administrator of the succession of Crouch can not disregard his title and attack it collaterally by proceeding to sell the same under order of the probate court. In reply to this objection it is urged that the pretended sale by the revenue tax collector was an absolute nullity, because there was no offering and adjudication of the land, and that the mere naked transfer by the notarial act from the tax collector to Johnson at Alexandria, twenty-five miles from where the property is situated, did not convey the semblance of a title to him. Advertisement, an offering, and an adjudication are, of course, essential to make a forced sale, and the act of Congress requires that "the place proposed for sale shall not be more than five miles distant from the place of making the distraint."

In the case at bar the pretended sale consisted in a mere notaria[1] conveyance, without an offering and an adjudication, made twenty-five miles from the place of distraint. Such a conveyance was an absolute nullity ; and the administrator of the succession of Crouch was not bound to bring a direct action in order to have the nullity thereof pronounced. Where there were an offering and an adjudication, the forced sale can not be attacked collaterally on account of informalities in the proceeding amounting to a relative nullity. It is the adjudication that transfers the ownership ; and when Johnson opposed his title to the proceeding of the administrator of the succession of Crouch, it was competent for the latter to show as a fact that there was no adjudication by the tax collector to him of the property ; and therefore there was no sale. The bill of exceptions taken to the ruling of the court admitting the proof to show the fact, was not, therefore, well taken ; there was in fact no sale, and the administrator was not bound to tender to Johnson the price of the pretended sale.

Besides, the next year after the acquisition of his pretended title, Johnson rented the land in controversy from the administrator of the succession of Crouch, thereby, in effect, conceding his want of title and acknowledging that of his adversary.

It is therefore ordered that the judgment herein perpetuating the injunction of Johnson, and rejecting the demand of Dunbar on the note, be annulled, and it is further ordered that said injunction be dissolved with costs and that the administrator of the succession of

Johnson v. Dunbar, Administrator—Dunbar v. Johnson—Consolidated.

Winder Crouch recover from W. J. S. Johnson two hundred dollars damages (attorneys' fees) for the illegal injunction herein ; it is further ordered that John C. Dunbar recover of W. J. S. Johnson seven hundred dollars with five per cent. per annum thereon from the first day of January, 1873, and costs of both courts.

LUDELING, C. J. *dissenting.*

Rehearing refused.