No.——  .

First Circuit        .

———

BRANDON, ET AL., v. GOTTLIEB, ET AL.

———

(April 11, 1928.   Opinion and Decree.)
(May  8, 1928.   Rehearing Refused.)

———

(*Syllabus by the Editor.*)

1. **Louisiana   Digest — Transactions   and Compromise—Par. 4, 5, 7, 15.**

Where petition states that plaintiffs accepted money offered to them as a gift and signed a receipt exonerating defendants from liability for their alleged negligence, under error superinduced by the deception practiced upon them by the defendants, it can be assumed that there was no compromise agreement and no tender of the money received was necessary. Petition states a cause of action against which an exception no cause of action will be overruled.

Appeal from the Parish of East Baton Rouge.   Hon. Wm. Carruth Jones, Judge.

Action by Joseph Brandon, et al., against Lewis Gottlieb, et als.

There was judgment sustaining exception of no cause of action of defendants and plaintiffs appealed.

Judgment reversed and case remanded for trial on its merits.        .

Taylor and Parker, of Baton Rouge, attorneys for plaintiffs, appellants.        .

J. C. Hollingsworth, of New Orleans, and Sanders and Gottlieb, of Baton Rouge, attorneys for defendants, appellees. -

LECHE, J.   The appeal in this case is from a judgment maintaining an exception of no cause of action.

The allegations of plaintiffs' petition, pertinent to the determination of the law question at issue, show in the main, the following facts which must, for the purpose of passing upon the exception, be accepted as true.

The petition charges that the minor son of plaintiffs, aged about fourteen years while in the pursuit of his lawful duties, was killed by an elevator through the gross negligence and want of care of an employee and servant of said Gottlieb, whose duty it was to operate said elevator in an establishment controlled and conducted by Gottlieb.   Plaintiffs further charge that shortly after said accident, Louis Gottlieb and the Metropolitan Casualty Ins. Co., insurer, under an indemnity insurance policy in favor of said Gottlieb, through their agents, called upon plaintiffs and induced them by fraudulent and false representations to sign a document called a release from liability and a receipt for three hundred and fifty dollars.   That of this amount plaintiffs were paid one hundred and seventy-one dollars in cash, and the balance thereof was retained by said Gottlieb and the Insurance Company for alleged medical, hospital and funeral expenses, amounting to one hundred and seventy-nine dollars.   They further charge that the said agents of defendants represented to them that their son had been killed through his own recklessness and negligence (that he had opened the door of the elevator shaft from the outside and jumped on top the elevator, that there was no eye-witness to the accident except the operator of the elevator; that if the plaintiffs sued they would not be able to recover anything; all of which statements and representations were untrue and that the same were made

to induce plaintiffs so sign a release from any liability on the part of said defendants. That said defendants knew at the time, that said statements and representations were untrue, and that plaintiffs, in ignorance of the real facts were pursuaded to accept three hundred and fifty dollars as a gift, if they would immediately sign a release and a receipt for the money. That plaintiffs are ignorant old colored people, did not know the real facts, were not advised of their legal rights, but were deceived and induced by the misrepresentations of defendants, to sign the release from liability, which was presented to them, and to accept as a gift the sum of three hundred and fifty dollars.

Defendants' exception of no cause of action is aimed at the lack of any allegation by plaintiffs, that they offered to return or tendered to defendants the return of the three hundred and fifty dollars which they acknowledge to have received from them. Defendants contend in support of their exception, that no one may avoid or set aside a contract without first tendering to the other party, that which he may have received under the contract.

This principle is imbedded in our jurisprudence. A contract must stand or fall as a whole. No one can retain the benefits under a contract and lawfully avoid its consequences. There will be restitutio in integrum. The party who wishes to avoid the consequences must first offer to restore the other to the situation he occupied previous to the contract. Although we are not referred to any statutory law to that effect, we believe that this is an elementary rule in jurisprudence. The Civil Code, Art. 1913, provides that in order to enforce a commutative contract or to secure damages for its non-performance, one must first tender to perform his part of the obligations under the contract, but we are

not referred to any article providing that in order to set aside a transaction one must . offer to return that which he may have received when the transaction was entered into, and for that reason, we say that such a rule originated in jurisprudence and is solely founded upon equity. Our Supreme Court substantially so held in the ·case of Germaine vs. Mallerich, 31 La Ann. 372, where it says that "it is purely an equitable rule, and would be abused by allowing wrong-doers to avail themselves of it as a condition precedent to the undoing of their own illegal acts."

Transaction or compromise is defined in Art. 3071 C. C., as an agreement between two or more persons, who, for preventing or putting an end to a law-suit, adjust their difference by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing. It is a contract which when voluntarily entered into, is binding in law and in equity and the question which primarily presents itself under the pleadings in this case, is whether the allegations of plaintiffs' petition disclose a contract of that nature.

Plaintiffs do not say that they entered into a contract of compromise, though it may be inferred that they might have so done. But they do say that they received money which was offered to them as a gift and which they accepted under a false impression created upon their minds by the deception of defendants, that they were pressed to accept the money at once and before they could ascertain the real facts. Consent obtained under such conditions, is obtained by fraud and is no consent at all. It can well be appreciated that ignorant and impecunious persons may be readily duped into believing false statements of the kind and made under the conditions

alleged in plaintiffs' petition. It would be a monstrous doctrine to hold that as a condition precedent, ignorant and impecunious persons thus imposed upon, should be compelled to return to the imposters who have thus deceived them, the money which they unwittingly received and which they are financially unable to return, before they are allowed to expose the fraud and deceit practiced upon them. It would be prostituting a legal principle founded upon equity, to permit it to be used to defeat the ends of common justice.

We have found no decision of our own Supreme Court directly applicable to the facts as narrated in plaintiffs' petition. In Ackerman vs. McShane, 43 A. 507, 9 So. 483, it was held that before avoiding a compromise, the complainant must tender or return that which he has received under the compromise, but that case is distinguishable from the one at bar. In Germaine vs. Mallerich, 31 La. Ann. 372, the Supreme Court said that a purchaser in bad faith is not entitled to a tender of what he has paid, before being sued for the recovery of the property, and Johnson vs. Dunbar, 26 La. Ann. 188, is therein quoted as authority. In Lampkins vs. V. S. & P. R. R. Co., 42 La. Ann. 997, the Court held that it must affirmatively appear that all the requirements of the Code have been strictly complied with in order to constitute a compromise, and it further held that an agreement lacking these requirements could not be pleaded as an estoppel.

We do not believe that the allegations in plaintiffs' petition justify the conclusion that they entered into a compromise They do not ask that such an agreement be avoided or annulled by the Court, but they assume that there was no such agreement, and they say that they accepted money offered to them as a gift and signed a receipt exonerating defendants from liability under error superinduced by the deception practiced upon them by the defendants.

We believe that the judgment appealed from should be reversed, defendants' exception should be overruled and this case should be remanded for trial on its merits, and it is so ordered.